IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**NICK MIDDLETON,**
**also know as Nicky James Bamburg**                                            **PETITIONER**

**VERSUS**                                  **CIVIL ACTION NO.  2:15-cv-151-KS-MTP**

**BILLY MCGEE LAW ENFORCEMENT COMPLEX/**
**FORREST COUNTY JAIL, ET AL.**                                       **RESPONDENTS**

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

      This matter is before the Court sua sponte.  After consideration of the record in this case and relevant legal authorities, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice.

**I.  BACKGROUND**

      Pro Se Petitioner Nick Middleton filed this action as an inmate of the Forrest County Jail, Hattiesburg, Mississippi.  Middleton originally filed his claims as a conditions of confinement complaint under 42 U.S.C. § 1983, and his action was assigned civil action number 2:15-cv-130-KS-MTP.  Since Middleton raised both habeas claims and claims under § 1983, the Court severed the habeas claims and opened the instant civil action.  *See* Order [1].

      In order to evaluate Middleton's habeas claims, the Court entered an Order [7] on November 24, 2015, directing Petitioner to file, on or before December 27, 2015, a completed PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241, AO FORM 242.  On December 2, 2015, the envelope [8] containing this Order [7] was returned by the postal service with the notation "not deliverable as addressed, unable to forward."  Middleton failed to comply with this Order or otherwise contact the Court.

      Since Middleton is proceeding pro se, he was provided one final opportunity to comply

with the Court's Order prior to the dismissal of this case.  On December 29, 2015, the Court entered an Order to Show Cause requiring Middleton, on or before January 13, 2016: (1) to file a written response, showing cause why this case should not be dismissed for his failure to comply with the Court's November 24, 2015 Order; and (2) to comply with the Court's November 24, 2015 Order by filing a completed PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241, AO FORM 242.  Order [10] at 1.  Middleton was warned that his "failure to keep this Court informed of his current address or his failure to timely comply with any Order of this Court will be deemed as a purposeful delay and contumacious act by the Petitioner and will result in this cause being dismissed without further notice to the Petitioner."  *Id*. at 2.  On January 11, 2016, the envelope [11] containing the Order to Show Cause was returned by the postal service with the notation "return to sender - not deliverable as addressed - unable to forward."  Middleton failed to comply with the Order to Show Cause or otherwise contact the Court.

## II.  DISCUSSION

This Court has the authority to dismiss an action for a litigant's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte.  *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court's authority to dismiss an action for failure to prosecute extends to habeas petitions filed pursuant to 28 U.S.C. § 2254.  *See Martinez v. Johnson,* 104 F.3d 769, 772-73 (5th Cir. 1997) (affirming dismissal of habeas petition for failure to prosecute under Rule 41(b)).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link,* 370 U.S. at 630.  Such a

"sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 630-31.

Middleton did not comply with two Court Orders even after being warned that failing to comply with a court order would result in the dismissal of his lawsuit. Such inaction presents a clear record of delay or contumacious conduct by Middleton. It is apparent to the Court that Middleton does not wish to pursue this lawsuit. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r. of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005). Docketing another show cause order would likewise be futile when Petitioner has failed to provide a valid address. Dismissal without prejudice is warranted.

### III. CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

IT IS, THEREFORE, ORDERED AND ADJUDGED that, for the reasons stated above, this civil action is dismissed without prejudice for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED, this the 28th day of January, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE